# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

1. TIMOTHY F. ORMISTON, II, )
   )
   Plaintiff, )
   )
v. ) Case No. CIV-15-946-R
   )
1. RENEWAL BY ANDERSEN OF )
   OKLAHOMA CITY, )
   )
   Defendant. )

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action herein alleges:

### PARTIES

1. The Plaintiff is Timothy Ormiston, II, an adult resident of Canadian County, Oklahoma.

2. The Defendant is Renewal by Andersen of Oklahoma City, a foreign limited liability company doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's claims are for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, and the Oklahoma Anti-Discrimination Act (OADA). Jurisdiction over the federal claims is vested in this Court under and 28 U.S.C. § 1331. Because the state law claims arise out of the same core of facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma and the Defendant may be served in that county. Oklahoma County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

### STATEMENT OF FACTS

5. Plaintiff was employed by the Defendants from around September 2013, until he was terminated around December 2, 2014.

6. At the time of his termination, Plaintiff worked as a service technician.

7. Plaintiff performed his job duties satisfactorily and possessed all qualifications necessary to continue performing his job.

8. Plaintiff was approximately forty-four (44) years old at the time of his termination.

9. Around May 2014, Plaintiff received a positive performance evaluation and a raise.

10. Around late June 2014, Plaintiff's supervisor changed to Eric Neher, approximately age 40.

11. Mr. Neher would make negative age-related comments to Plaintiff on approximately a weekly basis, including but not limited to:

    A. "Man, you're getting old;"

    B. Calling Plaintiff "Gandalf" because of the grey in Plaintiff's beard;

    C. Telling Plaintiff he was "blind as a bat," which Plaintiff took to refer to his age;

    D. Calling Plaintiff "old man."

12. Mr. Neher would also treat Plaintiff differently than significantly younger employees. Examples of such treatment include but are not limited to:

    A. Mr. Neher failed to provide Plaintiff's annual performance evaluation, due in September 2014. Neher timely performed such evaluations for Plaintiff's younger coworkers, resulting in pay raises for the younger employees but not Plaintiff;

    B. Mr. Neher would assign Plaintiff to perform tasks without any asssitance while allowing younger employees to perform tasks with the asssitance of another employee;

    C. Mr. Neher assigned Plaintiff jobs requiring travel more often than younger employees, without providing a company vehicle or paying the same mileage rate as provided for younger employees.

13. On or around December 2, 2014, Plaintiff was terminated during a meeting with Mr. Neher and Ryan Coppel, general manager, approximately fifty (50).

14. The reason given for Plaintiff's termination was that "what [Plaintiff] is and what [they] need are different things." Mr. Neher followed Plaintiff from this meeting and informed Plaintiff "the bottom line, Tim, they're just going to hire someone younger."

15. Following Plaintiff's termination, Plaintiff was replaced by a significantly younger male, James (last name unknown), approximately age thirty (30).

16. At the least Plaintiff's termination was motivated by his age.

17. As a direct result of the Defendant's conduct the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm symptoms including but not necessarily limited to worry, frustration, embarrassment, depression and similar unpleasant emotions.

18. Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination with the EEOC on December 8, 2014, which is less than 180 days after the discriminatory acts and termination. Plaintiff's right to sue letter was issued on July 7, 2015, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of his right to sue letter. These filings exhausted all requirements under the law.

19. Discrimination on the basis of age violates the Age Discrimination in Employment Act and OADA.

20. As the direct result of Defendant's age discriminatory actions, Plaintiff suffered damages in the form of lost wages.

21. Plaintiff is entitled to compensation for lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm

damages, punitive damages, attorney fees and costs, and liquidated damages under the OADA. Willfulness is not required to recover liquidated damages under the state law claim, however, such actions were a willful violation of Plaintiff's rights.

**WHEREFORE,** Plaintiff prays that he be granted judgment in his favor and against the Defendant on all of his claims and that this Court grant the Plaintiff all available compensatory damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 2nd DAY OF SEPTEMBER, 2015**.

HAMMONS, GOWENS, HURST & ASSOCIATES

s/ Leah M. Roper
Mark Hammons, OBA #3784
Amber L. Hurst, OBA # 21231
Leah M. Roper, OBA # 32107
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
mark@hammonslaw.com
amberh@hammonslaw.com
leah@hammonslaw.com
Jury Trial Demanded
Attorney Lien Claimed
*Counsel for Plaintiff*